## In re NICOLSON.
### Patent Appeal No. 2761.

Court of Customs and Patent Appeals.
May 27, 1931.

J. G. Roberts, of New York City (G. T. Morris, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner, rejecting claims 17 and 18 of appellant's application, filed on January 8, 1924, which claims were copied from patent No. 1,572,-773, issued to one Crossley on February 9, 1926. Said claims were filed by appellant on March 4, 1927, and the purpose of copying said claims from the Crossley patent was to secure an interference between appellant's application and said patent.

The claims here in issue were rejected upon the ground that they are not supported

by appellant's disclosure. The appealed claims read as follows:

"17. A piezo-electric crystal apparatus comprising in combination a mounting, a piezo-electric crystal holder arranged to detachably engage said mounting, said piezo-electric crystal holder having means for hermetically sealing a piezo-electric crystal therein and means whereby said piezo-electric crystal holder may be mechanically supported by said mounting, and an electrical connection established with said piezo-electric crystal.

"18. A piezo-electric crystal apparatus comprising in combination a supporting member, a piezo-electric crystal holder carried by said supporting member, a piezo-electric crystal disposed within said holder and electrically connected with opposite ends of said holder, and means whereby said piezo-electric crystal may be electrically connected in a circuit established through contacts on said supporting member when said holder is engaged with said supporting member."

With respect to claim 17, it is conceded that all of its elements are disclosed in appellant's specification except that portion of said claim reading "and means whereby said piezo-electric crystal holder may be mechanically supported by said mounting, and an electrical connection established with said piezo-electric crystal."

Appellant contends that the foregoing language should be so construed that the word "means" shall relate only to the support of the piezo-electric crystal holder, and that the words "an electrical connection established with said piezo-electric crystal" should be regarded as a separate element. He contends that, so construed, this part of the claim reads upon appellant's disclosure. In support of this contention, appellant relies largely upon the punctuation of the language of the claim and especially the comma after the word "mounting." Upon this point the Board of Appeals said: " * * * The appellant attempts to read the term means as covering only the support of the holder 75 of his Fig. 4 by the mounting 71, 72, 73 and then read the 'electrical connection established with said piezo-electric crystal' as a separate element. He contends that this is the proper reading by reason of the comma after 'mounting.' In our opinion it is clear that it was the intention of Crossley in drawing this claim that the word 'established' should convey the meaning that it was by the mounting or placing of the holder upon the

mounting that the circuit was established and that said circuit must necessarily be through the mounting. The claim cannot be read in this way on appellant's construction. He also attempts to apply the claim by considering the word 'means' as plural but this reading would be open to the same objection."

We think the Board of Appeals has correctly construed claim 17.

While appellant invokes the rule that a claim should be construed as broadly as its terminology will reasonably permit, we do not think it should apply to a case where there is such manifest difference in structures and specifications as appears to exist in the instant case. Slattery v. Larner, 36 F.(2d) 298, 17 C. C. P. A. 725.

Furthermore, the rule is well established that where the terms of a count are ambiguous or susceptible of more than one construction, and the count is copied from the claim of a patent, the one copying the claim is bound by the meaning intended by the patentee, as shown by his disclosure. Tracy v. Leslie, 14 App. D. C. 126; Podlesak v. McInnerney, 26 App. D. C. 399.

In the case of Brogden v. Slater, 40 F. (2) 988, 989, 17 C. C. P. A. 1240, this court said: " * * * it is well established that the meaning given to the counts, if there be any ambiguity, must be that disclosed in the specification of the party first to make the claim."

We think this rule is applicable here, and we are satisfied, from an examination of the Crossley disclosure, that he did not intend in claim 3 of his patent, from which claim 17 of appellant was copied, that the last clause of the claim should be regarded as a separate element, and his disclosure does not show it to be such.

With regard to count 18, the Board of Appeals said: "Appellant attempts to read claim 18 on his Fig. 4 by considering the casing 75 as the supporting member and the cage inside the casing as the holder. These are not the members corresponding to those of the Crossley patent and when so read, there is no crystal which is electrically connected with opposite ends of the holder. Each crystal is connected to one end of the holder. Furthermore, there is an implication in the claim that the circuit is established when the holder is engaged with the supporting member and in applicant's construction the circuit exists at all times. If the claim be read on Fig. 2 the plates or electrodes, 42, 43 and connecting bolts 46 would be the holder

and there would be no support unless it be the chain 48 which has no contacts and through which no current passes."

We have carefully considered appellant's contentions that the board erred in its conclusion as to claim 18, but we are of opinion that claim 18 does not read upon appellant's disclosure.

The decision of the Board of Appeals is affirmed.

Affirmed.