22 C. C. P. A. (Patents)

## NEUMAIR v. MALOCSAY.

### Patent Appeal No. 3505.

Court of Customs and Patent Appeals.
June 10, 1935.

Sydney I. Prescott, of New York City, (Joseph Shea, of New York City, of counsel), for appellant.

Schechter & Lotsch, of New York City (John L. Lotsch and H. H. Benjamin, both of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority of invention to appellee.

The interference is between appellant's application, filed June 8, 1932, and appellee's application, filed April 1, 1931.

The interference involves two counts, which originated in appellant's application. They read:

"1. The combination with a magazine adapted to contain a plurality of stacked layers of cigars, of a table underlying said magazine, and devices for engaging both ends of the bottom layer of cigars to support the mass of cigars in said magazine, said devices being operative to lower the cigars in said magazine and lift the mass of cigars clear of the bottom layer of cigars.

"2. The combination with a magazine adapted to contain a plurality of stacked layers of cigars, of devices for engaging both ends of the bottom layer of cigars to support the mass of cigars in said magazine, said devices being operative to lower the cigars in said magazine and lift the mass of cigars clear of the bottom layer of cigars."

The sole issue in the case, raised in the Patent Office by appellant's motion to dissolve the interference on the ground that appellee had no right to make the claims constituting the counts in issue, is whether the "devices" for engaging both ends of the bottom layer of the cigars to support the mass of cigars in the magazine, disclosed in appellee's application, operate "to lower the cigars in said magazine," as called for by each of the counts.

In its decision the Board of Appeals described the structures of the parties as follows:

"The count originated in the Neumair application. It discloses the stationary plates 21, 23, 23 forming a storage space or magazine within which the layers of cigars are disposed. A table 15 is located below the magazine. The devices 62, 63 are arranged to engage both ends of the bottom layer of cigars to support the mass of cigars to support the mass of cigars in the magazine. These devices may be operated so as to lower the cigars in the magazine and to lift the mass of cigars clear of the bottom layer.

"The Malocsay application discloses the vertically movable plates 2, 5 and 6 forming a storage space or magazine within which the layers of cigars are disposed. A table 1 is located below the magazine. The swingable members 3 and 4 have the flanges 3a, 4a which engage both ends of the bottom layer of cigars to support the mass of cigars in the magazine. These

members may be operated so as to lower the cigars in the magazine and to lift the mass of cigars clear of the bottom layer."

In holding that appellee could make the claims constituting the counts in issue and in awarding priority to him, the Board said: "It is to be observed that the plates 2, 5 and 6 which form the magazine in Malocsay are moved vertically with the members 3 and 4. Because of this, Neumair urges that it is not proper to read the limitation 'said devices being operative to lower the cigars in said magazine' on this construction. The language 'in said magazine,' however, is so broad that it reads on this construction where the magazine itself moves downwardly as in such case the devices operate to lower the cigars that are in the magazine. The Examiner of Interferences gave an apt illustration of the meaning of this phrase when he referred to an illustration from the Bible. We are of the view that Malocsay can clearly make both of the counts."

The issue in the case is clearly stated by counsel for appellee in their brief. We quote: "Neumair's theory that Malocsay cannot make the counts is predicated upon the fact that Malocsay has a magazine which moves up and down, whereas in Neumair the magazine is stationary. That the limitation in the counts, 'said devices being operative to lower the cigars in said magazine,' does not read upon Malocsay because of his moving magazine. The matter of dispute therefore becomes one of grammatical function of the limiting phrase 'in said magazine,' rather than one of similarity of mechanisms. Neumair urges that the counts originated in his application and, therefore, must be read in the light of their meaning in his application. This beyond dispute is the correct rule of interpretation. But it does not follow that because Neumair discloses a stationary magazine that this phrase must require a relative movement of the cigars to the magazine."

In appellant's structure, which is aptly and specifically defined in the counts, the magazine is stationary, and the "devices" are operative to lower the cigars within the magazine; whereas, in appellee's apparatus, the cigars are lowered by the downward movement of the magazine, the "devices" serving only, during such downward movement, to support the cigars within the magazine. That is to say, the "devices" in appellee's structure are not operative to lower the cigars within the magazine, but merely hold them in position, while the magazine lowers them to the table.

It is obvious, therefore, that, although the same results may be obtained by the structures disclosed by the parties, the structures are not only different, but operate in an entirely different manner.

We find nothing in appellee's specification to indicate that the "devices" referred to in the counts, and in his application, may be operated to lower the cigars within the magazine, as held by the tribunals of the Patent Office.

It is clear, we think, that the counts in issue call for the lowering of the cigars within the magazine, by the operation of the "devices" referred to in the counts, and not the lowering of them by the operation of the magazine itself, an entirely different operation.

Although counts in an interference should be given the broadest interpretation their language will reasonably permit, expressly defined limitations cannot be ignored; and, in the event that the language of such counts is ambiguous or susceptible of more than one construction, as is admittedly true in the case at bar, it is well established that the meaning to be given it must be that disclosed in the specification where the counts originated. Ernest M. Brogden v. Henry B. Slater, 40 F.(2d) 988, 17 C. C. P. A. (Patents) 1240; In re Alexander M. Nicolson, 49 F.(2d) 961, 962, 18 C. C. P. A. (Patents) 1468.

In the Nicolson Case, supra, this court said: "While appellant invokes the rule that a claim should be construed as broadly as its terminology will reasonably permit, we do not think it should apply to a case where there is such manifest difference in structures and specifications as appears to exist in the instant case. Slattery v. Larner, 36 F.(2d) 298, 17 C. C. P. A. [Patents] 725."

We think the quoted excerpt has particular application to the issues here involved. Accordingly, we are of opinion that the tribunals of the Patent Office reached the wrong conclusion.

The decision of the Board of Appeals is reversed.

Reversed.