47 CCPA

**Louis H. SEGALL**

v.

**Marion W. SIMS, Ezra C. Hill and Aaron M. Krakower.**

**Patent Appeal No. 6456.**

United States Court of Customs and Patent Appeals.

Jan. 19, 1960.

Rehearing Denied May 3, 1960.

Bauer & Seymour, New York City (Dale A. Bauer, New York City, of counsel) for appellant.

Francis X. Doyle, Scotia, N. Y. (Roe D. McBurnett, New Hartford, N. Y., of counsel), for appellees.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

SMITH, Judge.

Appellant is senior party in an interference declared by the Patent Office between his pending application, serial No. 149,780, filed March 15, 1950, and the Sims et al. patent No. 2,717,335, issued September 6, 1955, on an application filed July 17, 1952, and here appeals from the decision of the Board of Patent Interferences overruling the decision of the Primary Examiner denying the motion of Sims et al. to dissolve the interference.

The two counts in issue originated as claims 1 and 2 of the Sims et al. patent and were copied by Segall in his application for purposes of interference. The motion of Sims et al., the junior party, to dissolve the interference was based on the ground that the disclosure of the Segall application does not support the counts.

The subject matter defined by the counts is a capacitor discharge type of ignition system for jet engines, oil burners and other devices requiring a high intensity spark discharge. The two counts in issue here differ only in elements not involved in this appeal. Therefore, it is sufficient for the purposes of this case to here set forth count 1,

[*] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge* *O'Connell*, pursuant to provisions of Section 294(d), Title 28, United States Code.

with the portions in controversy in italics.

> "*Count* 1: A capacitor discharge ignition system comprising, in combination, *a source of unidirectional voltage capacitor charging current, a main energy storage capacitor connected across said source, a triggering capacitor connected to be charged through a resistor by said source,* a voltage step-up transformer having a low voltage primary winding and a high voltage secondary winding, a circuit completing triggering device connected to discharge said triggering capacitor through said low voltage primary winding when the voltage charge on said triggering capacitor attains a predetermined value, said transformer having at least said secondary winding connected directly in series with said main capacitor forming a discharge circuit, said discharge circuit being adapted to be connected directly to an ignition gap." (Emphasis added.)

■ When an applicant copies a claim from a patent, he must show that he is entitled to make the claim. All limitations in the copied claim will be considered material in determining applicant's right to make the claim, and doubts arising as to applicant's right to make the claim must be resolved against him. In re Hollman, 213 F.2d 323, 41 CCPA 937; Crome v. Morrogh, 239 F.2d 390, 44 CCPA 704.

■ The issue is thus presented: Does Segall's application, Serial No. 149,-780, disclose "a source of unidirectional voltage capacitor charging current," "a main energy storage capacitor connected across said source," and "a triggering capacitor connected to be charged through a resistor by said source"?

Segall discloses an electrical system powered by a battery. The battery is connected (through a system of RF fil-ters and remote controlled or automatic switches not pertinent here) to the contact points of a vibrator. The pulsating direct current created by the vibrator passes through the primary windings of a transformer 41 to ground. The alternating current from the secondary of this transformer is converted to unidirectional current by two rectifiers, 47 and 49, and the resulting unidirectional current charges the main energy storage capacitor.[1]

The circuit containing the above enumerated elements, i. e., the battery, vibrator, transformer 41 and rectifiers, 49 and 47, constitutes, according to appellant, his "source of unidirectional voltage capacitor charging current" as called for in the count. Appellant asserts that his disclosure thus satisfies the first two elements of the portion of the count in issue, because he also has disclosed "a main energy storage capacitor connected across said source."

On this point, we, like the Board of Patent Interferences below and the appellee here, agree that appellant has disclosed the source and capacitor as claimed in the count. However, the burden of showing that he discloses "a triggering capacitor connected to be charged through a resistor by said source" remains on appellant. It is with respect to this third element of the count in issue that we, like the Board of Patent Interferences, have reached the conclusion that appellant's disclosure does not support the count.

Referring to appellant's application, it is seen to disclose the battery mentioned above also connected through a variable resistor, the primary winding of a second transformer 31, and the opposite contacts of the above mentioned vibrator to ground. The interrupted direct current thus flowing in the primary winding of transformer 31 induces, according to appellant, an alternating voltage in the secondary winding of transformer

---

1. The disclosure shows four rectifiers connected in push-pull relation to charge two main energy storage capacitors, but only one pair of rectifiers and one capacitor need be discussed here.

31. The unidirectional current used to charge the triggering capacitor is derived from the output of transformer 31 by the half-wave rectifier 30.

It will be noted that the portion of his circuit which appellant asserts is the "said source" referred to in the count, does not include the variable resistor, transformer 31 and rectifier 30, which appear in appellant's disclosure between his "said source" and the triggering capacitor claimed in the count.

By these means, appellant asserts that he discloses "a triggering capacitor connected to be charged through a resistor by said source." We cannot accept this assertion. Appellant discloses as the "source," across which his main energy storage capacitor is connected, the battery, vibrator, transformer 41 and rectifiers 47 and 49. However, as the "source" for the triggering capacitor, he discloses only the battery and vibrator.

Such is not the "said source" required by the count. The unidirectional current emanating from what appellant describes as his "source," including rectifiers 47 and 49, does not charge the triggering capacitor in appellant's circuit. In order to make his system operable, appellant must increase the voltage of what he calls his "source" by means of transformer 31. The unidirectional current charging his triggering capacitor is derived from the alternating voltage output of transformer 31 by half-wave rectifier 30. However, this unidirectional current is not the unidirectional current from the "source" across which appellant connects the main energy storage capacitor. Clearly, then, the unidirectional current charging the triggering capacitor cannot come from "said source" across which appellant connects his main energy storage capacitor.

These considerations indicate that there is an ambiguity as to the meaning of the word "source" as it is used in the count. Therefore, in accordance with the rule for construction of ambiguous claims, we turn to the disclosure of the patent from which the claims were copied to construe the meaning of this term. Long v. Young, 159 F.2d 766, 34 CCPA 871; In re Hollman, supra.

Sims et al. disclose, without limitation, a source of unidirectional capacitor charging current. The main energy storage capacitor is connected across this source. Parallel with the main energy storage capacitor across the source is a branch containing a resistor in series with the parallel connected triggering capacitor and spark gap. For the purposes of this case there is no need to review here the remainder of the circuit.

The purpose of the resistor in series with the triggering capacitor in Sims et al., is to slow the charging rate of the triggering capacitor with respect to the main energy storage capacitor and thus to ensure discharge of the system through the ignition gap at the optimum time. Because the triggering capacitor is connected to be charged through the resistor by the same source which charges the main energy storage capacitor, the ratio of the charging time of the two capacitors is constant and independent of any other factors.

Appellant discloses independent transformers for the charging of his capacitors. He also uses a resistor, in this case a variable resistor, to aid in controlling the relative charging rates of his two capacitors. However, the variable resistor is capable of controlling the relative charging rates, according to the specification, only "within reasonable limits." Its chief function is to vary the sparking rate of the whole system.

Reading the claims in issue in light of both specifications brings to a sharp focus the importance of fixing a definite meaning for the indefinite term "source" which both parties use. Unless the "source" in the count which charges the main energy storage capacitor in appellant's circuit is identical with the "source" (denoted "said source" in the count) charging the triggering capacitor

in appellant's circuit, the relative charging rates of the two capacitors cannot be determined by the resistor alone.

Appellant's "source" as disclosed comprises one circuit branch consisting of a transformer and two rectifiers to charge his main energy storage capacitor, and another branch consisting of another transformer and rectifier to charge the triggering capacitor. Thus appellant does not rely upon the resistor, alone, to control the relative charging rates of his two capacitors, but utilizes, mainly, the two specially constructed critically tuned transformers operating near their saturation levels. Thus it is evident that the source in appellant's circuit as disclosed in his specification is materially different from the "source" required by the count and disclosed by appellee as above described.

We find, therefore, that appellant's disclosure does not support the count, and *affirm* the decision of the Board of Patent Interferences.

Affirmed.