49 CCPA

**Alpha J. JOHNSON and John A. Moore,**
**Appellants,**

v.

**Harry RIENER, Appellee.**

Patent Appeal No. 6793.

United States Court of Customs
and Patent Appeals.

May 18, 1962.

Edward B. Beale, George R. Jones, Beale & Jones, Washington, D. C. (James E. Toomey, Oakland, Cal., and John S. Rhoades, San Diego, Cal., of counsel), for appellants.

Robertson & Youtie, and Robert K. Youtie, Philadelphia, Pa., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRK-PATRICK.*

MARTIN, Judge.

This is an appeal from the decision of the Board of Patent Interferences of the United States Patent Office awarding priority of invention of the subject matter of Interference No. 89,107 to the junior party Riener, appellee here.

The single count of the interference corresponds to the sole claim of appellee's patent No. 2,802,411, issued August 13, 1957 on an application filed on February 5, 1952. Appellants are involved in the proceeding on the basis of their application Serial No. 339,222, filed on February 27, 1953. They became senior party as the result of the Primary Examiner granting their motion to shift the burden of proof upon finding them entitled to the benefit of the filing date of their co-pending application, Serial No. 197,276, filed on November 24, 1950. At the same time he granted the motion to shift the burden of proof, the examiner denied a motion by appellee to dissolve the interference on the ground that appellants cannot make the count in their involved application.

Appellee, being restricted by reason of his preliminary statement to a date subsequent to the filing date of appellants' earlier application, took no priority testimony, and the board's consideration of the case was limited to the matter of support for the count in appellants' applications. The award of priority to appellee was based on the board's finding that neither of appellants' applications discloses structure which supports the count.

■ As before the board, the sole issue here is whether these applications support the count.

The subject matter of the interference is a metal pie plate formed of very thin material, defined in the single count as follows:

"1. In a thin metallic pie plate having a thickness in the nature of four one-thousandths of an inch, a circular, central, depressed main body portion, an outwardly flared conical wall integrally joined to said main body portion, said conical wall being formed with a series of spaced apart radially extending upraised ribs, and an annular rim integrally joined to the upper, outer edge of said conical wall, said ribs in the said conical wall being continued over into said rim and terminating just beyond the inner edge of said rim leaving a flat annular track for accommodating a pie rimmer."

■ Although appellants obviously disclose some of the elements of the count, appellee contends appellants' applications fail to meet three of the limitations and that, therefore, appellants cannot make the count. These limitations are (1) the recitation of a series of spaced apart radially extending upraised ribs, (2) the statement that the ribs terminate just beyond the inner edge of the rim, and (3) the reference to a flat annular track for accommodating a pie rimmer. Since appellee's filing date is prior to the filing date of appellants' later application involved directly in the interference, appellants can prevail only if features meeting all the limitations are found in both of their applications.

■ Although the count must be given the broadest interpretation it will reasonably support, appellants, who have copied this count from an issued patent,

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.

have the burden of showing their applications disclose clearly the features in controversy. Bierly v. Happoldt, 201 F.2d 955, 40 CCPA 774; Brand v. Thomas, 96 F.2d 301, 25 CCPA 1053. It is also well established that any doubt which may arise about such disclosure must be resolved against appellants who copied the claim.

■ Coming first to the limitation of a series of spaced apart radially extending upraised ribs, even though the board found adversely to appellee concerning this matter and appellee did not cross appeal, we believe this matter should be considered by us without such cross appeal having been filed since it was adjudicated by the board in connection with the question of appellants' right to the benefit of the filing date of the parent application. Klemperer v. Price, 271 F.2d 743, 47 CCPA 729.

The parent application does disclose a structure which contains a series of ribs of a sort, i. e., if one can call the results of the metal crimping process used by appellants, ribs. However, the question of whether these ribs are "spaced apart" as required by the count is a different matter. The specification does not call them such a structure nor does the drawing show such a structure. The results of crimping metal are just what one would expect—irregular elevations and depressions falling into more or less of a pattern. Certainly these elevations or ribs are not spaced apart in any sense of that phrase. As a matter of fact, the "ribs" as shown by the drawing are as close to one another as possible if the identity of the ribs is to be maintained. Just "ribs" or "adjacent ribs" would describe appellants' "ribs." "Spaced apart" requires more than appellants show. According to Webster's Third New International Dictionary, 1961, "space" means "to place at intervals" and "to arrange with spaces between"; "apart" is defined as "separately in space or time." In our opinion, neither the specification nor drawing of appellants' parent application shows a structure which fits those definitions.

With reference to the next feature of the count, that the ribs terminate just beyond the inner edge of the rim, we find that neither of appellants' applications discloses the recited structure. The specification of the later application precludes such a structure in stating:

"The formation of a full-rolled bead in the rim 2 of the utensil is difficult in view of the presence of the corrugations therein as shown in Figure 4 which, if rolled or curled by existing methods, will fracture or split. The method employed in this invention consists in progressively smoothing the outer marginal edge of the rim portion 2 as is shown in Figure 5. Thereafter, the smooth edge may be progressively curled to form a full-rolled reinforcing bead. The beginning of this edge rolling operation is shown in Figure 6 and the rolling is continued until a full-rolled bead is formed. The finished bead, therefore, consists of a closely wound spiral wherein a plurality of layers, each in contact with the adjacent layer, form the full-rolled reinforcing bead. The laterally-extending rim 2, when completely formed, includes a full-rolled reinforcing bead at ''e peripheral edge of the rim 2 *and the remainder of the rim contains reinforcing work-hardened corrugations as shown in Figure 1. * * *"* [Emphasis ours.]

Also, appellants' brief before the Board of Appeals in connection with the ex parte prosecution of their parent application states:

" * * * Such beads are old but there is no evidence to show a bead of smooth foil in a rim *the balance of which is corrugated.* The references fail completely to show appellants' contribution to this field." [Emphasis ours.]

Appellants argue that "just beyond" is so indefinite that it is meaningless and without significance in this count. There is an element of indefiniteness in the phrase per se, but when considered in

relationship with fixed points in space, as in this situation, it has a very definite meaning. It connotes a relative position which is much closer to a designated reference point than to another point. To appellee the existence of the feature was important and critical. He referred to it at least three different times in his specification. In our opinion the applications do not meet this limitation of the count.

■ Appellants, being unable to prove that the two features we have just discussed are disclosed in the specifications or drawings of their applications, apparently are endeavoring to support their position by alleging these features are not critical. We do not believe that this approach will avail the appellants anything. In copying the claim they accepted the responsibility of proving their application discloses each limitation in the copied claim and they cannot avoid this responsibility by alleging the insignificance of the limitations not disclosed in their application. In Segall v. Sims et al., 276 F.2d 661, 47 CCPA 886, we said:

"When an applicant copies a claim from a patent, he must show that he is entitled to make the claim. All limitations in the copied claim will be considered material in determining applicant's right to make the claim, and doubts arising as to applicant's right to make the claim must be resolved against him. In re Hollman, 213 F.2d 323, 41 CCPA 937; Crome v. Morrogh, 239 F.2d 390, 44 CCPA 704."

Coming now to the feature defined as "a flat annular track for accommodating a pie rimmer," it could be argued that Figure 2 of appellants' applications shows a flat edge. However, we do not know if that edge could serve as a track to accommodate a pie rimmer since appellants do not refer to a pie rimmer at all in their specifications. The only reason given in the later application for providing a smooth portion at all is to create an area which could be curved "to form a full-rolled reinforcing bead"

which "consists of a closely wound spiral" having "a plurality of layers, each in contact with the adjacent layer." If there is a flat edge but it cannot accommodate a pie rimmer, we do not believe the claimed feature can be considered disclosed by appellants. However, we think the matter of whether there is support for the recitation of the "track" feature can be determined without further consideration of the recitation of the function of the track.

Appellants' figure 1 does not show a flat surface at all on the outer surfaces of the rim. It may show a smooth surface, but certainly the surface is not shown to be flat as the draftsman has included a shade line which we think can only be interpreted as indicating a curved surface. Therefore, there is at least a doubt whether figure 1 meets this limitation. All of the other figures of the drawings show various stages of the formation of the rim. The last figure in these series shows a completely rolled one layer bead and a flat surface adjacent thereto on the outer edge of the rim, but an arrow indicates the rolling of the bead is to continue so that it will have a "plurality of layers," as recited in the later application. That interpretation of the drawing is in accord with the further statement in the application that the "laterally-extending rim 2, when completely formed, includes a full-rolled reinforcing bead * * * *and the remainder of the rim contains reinforcing work-hardened corrugations* * * *." There are no statements in either application which would indicate that appellants intended a flat area at the outer edge of the rim of the finished pie plate which could be used for any purpose.

As a further indication that no flat portion at the outer edge of the rim was intended, we refer again to that argument in appellants' brief before the Board of Appeals in the parent application which is quoted hereinabove.

■ It is argued that the flat surface could exist on the top of the bead itself. But we cannot ascertain from the applications whether the surface on top of the

bead is flat, or is rounded as indicated by the shading line in figure 1. Also, if one follows the language of the specification, he could conclude that the bead is so rolled that corrugations are present on top of the bead, leaving no smooth area at all. However, all of this is mere speculation, and demonstrates that the applications do not meet the requirement that in a controversy of this nature the limitations of the count must be *clearly* disclosed.

Appellants cite Else v. McCormack, 112 F.2d 782, 27 CCPA 1278, to support their position that drawings are sufficient to support a count. That may be so if there are no contradictory disclosures in the specification and the drawings are unambiguous as was the situation in the Else case. However, we know of no legal basis for holding that one possible interpretation of ambiguous drawings shall prevail over language of a specification which conflicts with that interpretation.

In conclusion, it seems to us that appellants' applications definitely do not disclose two of the limitations in issue and certainly there is a doubt whether their specifications disclose a "flat annular track" at the outer edge of the rim. Since it is well established that all doubts shall be resolved against the one who copies a claim from a patent, we must hold that appellants cannot prevail.

After certain papers omitted from the designation of the record by appellants were specified for inclusion by appellee, appellants brought a motion that the costs of preparing so much of the printed record as includes the added material be taxed against appellee. At the suggestion of the parties, action on the motion was deferred until final decision. We find that certain of the papers, accounting for one-third of the cost of printing the added material, were properly included in the record while the remainder was unnecessary. The printing costs being the only costs handled through the court, the motion is granted to the extent that two-thirds of the cost of printing the added material is assessed against appellee and the remainder of said cost is assessed against appellant.

For the foregoing reasons we affirm the decision of the Board of Patent Interferences.

Affirmed.