50 CCPA

**John Sherman SMITH, Appellant,**

v.

**Charles Emory WEHN, Appellee.**

Patent Appeal No. 6915.

United States Court of Customs
and Patent Appeals.

June 20, 1963.

William J. Ormsby, Jr., Atlanta, Ga. (Channing L. Richards, Charlotte, N. C., of counsel), for appellant.

Marcus Lothrop, Lothrop & West, San Francisco, Cal., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Board of Patent Interferences which awarded priority of invention in interference No. 90,277, to the junior party Wehn.[1] The senior party Smith[2] has appealed. The subject matter is mechanical pencils.

The sole issue is whether Smith has the "right to make" the single count of the interference,[3] which reads:

"1. A pencil tip comprising a hollow sheath, a pencil body engaging said sheath and leaving an intervening chamber, a plastic sleeve of continuous annular cross-section disposed within said sheath, an external flange on said sleeve *substantially occupying* said chamber, and inwardly projecting splines integral with said sleeve." [Emphasis ours.]

Smith's right to make the count depends entirely on the meaning to be ascribed to the words "substantially occupying." The examiner, passing on a

1. Wehn is involved in this interference on his patent No. 2,844,125 granted July 22, 1958, on application Ser. No. 503,673, filed April 25, 1955, entitled "Pencil Tip."

2. Smith is involved in this interference on his application Ser. No. 781,184, filed December 16, 1958, to reissue patent No. 2,774,331, granted December 18, 1956, on application Ser. No. 363,769 filed June 24, 1953, entitled "Marking Element and Dispensing Means Therefor."

3. Appellee Wehn argued before the board, in addition to the point here argued, that

there was no "interference in fact." This argument was based on the contention that claim 2 of the Wehn patent was materially altered by Smith when the word "plastic" was substituted for the word "polyethylene" of the patent claim. This was Smith's *sole* modification of claim 2 of Wehn's patent. The board disagreed with Wehn and denied a motion to dissolve on the ground of "no interference in fact." Wehn says in his brief in this court that he has "bowed to that result," "though still a disbeliever."

motion to dissolve on the ground Smith has no right to make the count, held that the count reads on Smith's disclosure. The board found the count, with respect to the word "occupying," to be ambiguous and held that under that circumstance it was necessary to go to the patent in which the count originated to determine its meaning, citing In re Nicolson, 49 F.2d 961, 18 CCPA 1468, Neumair v. Malocsay, 77 F.2d 622, 22 CCPA 1349, Pelzer v. Weaver, 97 F.2d 166, 25 CCPA 1232, and, having determined that meaning, found that it does not read on Smith's disclosure, wherefore he could not make the count.

To understand the issue it is necessary to visualize the two disclosures involved. The relevant structure is that of the lead-gripping tip or end portion of the pencil.

Wehn's pencil consists of an upper body with a threaded cavity in its lower end into which an externally threaded sheath or tip can be screwed. The threaded part of the sheath is shorter than the cavity in the body so that when the aforesaid parts are screwed together there is "a substantial chamber 18 intervening between the sheath 13 and the body 7." This is the "chamber" of the count. Into the tip or sheath a polyethylene sleeve is inserted, which sleeve has a flange at its top. The lead passes through this sleeve and is gripped at its lower end when the tapered nose of the sleeve is forced into the frusto-conical opening in the sheath. The important structure here, however, is the relationship of the flange on the sleeve to the chamber in the body, above the threaded end of the sheath which screws into the body. The specific disclosure of the Wehn specification underlying the critical language of the count is the following:

"At its upper end, the sleeve 24 is provided with an enlarged circular cylindrical flange 27 of a free [i. e., unclamped] diameter *slightly less than that of the chamber* 18 and of a free length *slightly greater than that of the chamber*. When the body 7 and the sheath 13 are screwed together the flange 27 is slightly deformed and firmly clamped or gripped in axial position against dislodgement. The slight deformation of the clamped flange 27 tends to extrude the flange radially outward into *some* of the remaining volume of the chamber 18. The entire sleeve 24 is *well anchored against substantial axial or rotary displacement*, although it can readily be removed and replaced by disassembly of the body and sheath." [Emphasis ours.]

It is thus evident to us that when Wehn said in his claim that his sleeve had a flange "substantially occupying said chamber" he meant that the sleeve substantially *filled up* the chamber.

Smith discloses a mechanical pencil type of holder for soft marking materials such as crayons and cosmetic sticks. It has, like Wehn, main body and tip portions which screw together in such fashion as to leave a chamber. Smith's soft writing or marking element is encased in a protective rigid plastic sleeve which has a flange at its upper end. This flange is located in the chamber but it is not clamped therein. On the contrary, the axial length of the chamber is several times the thickness of the flange so that the sleeve can be projected and retracted when the feeding mechanism of the pencil is operated so as to place the marker in writing position or withdraw it for protection. When this occurs, the flange moves up and down in the chamber. As shown in the drawings, the diameter of the flange is such that it has adequate clearance from the wall of the chamber to permit this freedom of movement. It is thus evident to us that Smith's flange "occupies" the chamber in the sense of *being in it*, but not in the sense of filling it up. The question is whether this is "substantially occupying" the chamber.

The board and the examiner both had recourse to Webster's New International Dictionary, 2nd ed., defining "occupy" as "to take up, *or* have place in, the extent, room, space, * * * of." (Our emphasis.) The examiner found that

Smith's flange met the "having place in" part of the definition, and hence that it occupied the chamber. He said, "If [the Smith flange is] 'occupying', [the Smith chamber] the count limitation 'substantially occupying' necessarily is met." The board refused to accept this judgment, saying:

"It is clear from the above [definition] that the word 'occupy' has two meanings, as indicated by the use of the word 'or' in the definition quoted. The ambiguity is further evident in the fact that one of the meanings describes Wehn's structure wherein the sleeve is held from moving while the other describes Smith's structure wherein the sleeve is permitted to move from a retracted to a projected position and vice versa. In such a situation, the law is clear. In re Nicolson [49 F.2d 961], 18 CCPA 1468, * * * states:

" 'Furthermore, the rule is well established that where the terms of a count are ambiguous or susceptible of more than one construction, and the count is copied from the claim of a patent, the one copying the claim is bound by the meaning intended by the patentee, as shown by his disclosure. Tracy v. Leslie, 14 App.D.C. 126, 87 O.G. 891; Podlesak v. McInnerney, 26 App.D.C. 399, 120 O.G. 2127.'

"* * * The meaning of the patentee Wehn is clear; the flange by substantially filling and taking up the space of the chamber anchors the sleeve against axial displacement * * *. Given this meaning * * 'substantially occupying' is not supported by Smith's disclosure. Because of the principle of law above stated, we believe he [the examiner] was wrong in not accepting the meaning intended by the patentee, and in accepting the one which would read upon structures not anchoring the sleeve, and thus departing from the purpose and function of the combination claimed by Wehn."

We consider the foregoing to be sound reasoning. It will be noted that in the above-quoted passage the board was discussing only the word "occupying" in the critical limitation of the claim. But it went further.

The examiner had said, as above indicated, that if Smith's flange "occupied" the chamber, it followed that it "substantially" occupied it. We deem this to be a non sequitur. Apparently the board also disagreed with this reasoning for it gave separate consideration to the significance of the word "substantially," as follows:

"Moreover, the term 'substantially' appears to be more suitably coupled with a measure of amount such as filling and taking up the space of, rather than a statement of location. In our edition of Webster's New International Dictionary (1950) the second definition of 'occupy' is similar to that quoted by the Primary Examiner but continues, 'to fill; as, the camp *occupies* five acres.' It would be natural to say, 'The camp substantially occupies (fills) five acres,' meaning that it takes up the space of about five acres; but to say, 'The employee substantially occupies Room 100' is, at least, unusual, awkward, and inapt."

For those reasons we too agree that the word "substantially" makes the meaning of the phrase "substantially occupying" in the Wehn claim all the more clear.

The first point of appellant's argument is that the critical phrase does not render the count ambiguous, wherefore there should be no resort to the Wehn patent. We cannot agree with appellant. For the reasons amply stated by the board and quoted above, there are two possible meanings to the word "occupy" in the count. "Ambiguous" is defined in Webster's New Collegiate Dictionary, 2nd ed., meaning 2, as "Capable of being understood in two or more possible senses; equivocal." Appellant refers us to the necessity, under another well established rule, of giving an inter-

ference count the broadest possible reasonable construction, i. e., to cover as many diverse structures as possible, within reason, apparently believing that if this is done the words "substantially occupying," even as Wehn appears to have intended them, will cease to mean substantially filling up because Wehn's pencil could be made to function even if his flange did not substantially fill up his chamber. Appellant urges ·that the count language is *broad* enough to read on the structures of both parties but that it does not follow therefrom that it is ambiguous. Of course it does not, but that is not conclusive either.

We do not believe that appellant can remove the applicability of the ambiguous count interpretation rule by application of the broad construction rule. It seems to us that the broader the interpretation is here the more certain it becomes that the count is ambiguous. It would be possible, we think, by emphasizing the word "substantially," to give the count a narrower interpretation according to which it would *not* read on Smith's disclosure, following reasoning similar to that of the board in the second quotation above from its opinion. But applying the broad interpretation rule, as appellant wishes us to 'do, the count then can cover both Smith and Wehn only by giving it one meaning when applied to Wehn and a different meaning when applied to Smith—the "fill up" meaning in the former and the "being in" meaning in the latter. This is clearly ambiguity and that meaning applicable in the patent where the count originated must be applied.

 We also think that there is another rule applicable here. In Segall v. Sims et al., 276 F.2d 661, 47 CCPA 886, a case wherein we applied the ambiguous count interpretation rule, we also said:

> "When an applicant copies a claim from a patent, he must show that he is entitled to make the claim. All limitations in the copied claim will be considered material in determining applicant's right to make the claim, *and doubts arising as to ap-*

*plicant's right to make the claim must be resolved against him.* [Authorities cited.]" [Our emphasis.]

The decision of the board is affirmed.

Affirmed.