52 CCPA

Jan A. RAJCHMAN and Arthur W. Lo, Appellants,

v.

Newton F. LOCKHART, Appellee.

Patent Appeal No. 7252.

United States Court of Customs and Patent Appeals.

Dec. 17, 1964.

John V. Regan, Princeton, N. J. (A. Russinoff, Princeton, N. J., of counsel), for appellants.

Stephen J. Limanek, Yorktown Heights, N. Y. (Julius Jancin, Jr., Maurice H. Klitzman, Washington, D. C., of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

WORLEY, Chief Judge.

This appeal is from a decision of the Board of Patent Interferences which

**234**

awarded priority in Interference No. 92,-098 to Lockhart, the junior party.

The subject matter in issue relates to a magnetic core logical circuit, defined by two counts corresponding to claims 7 and 8 of Lockhart's patent No. 2,978,176, issued April 4, 1961, on an application filed September 20, 1957. Appellants, Rajchman and Lo, are involved by virtue of their application Serial No. 625,-333, filed November 30, 1956.

■ The sole issue here, as below, is whether the Rajchman and Lo application supports the counts. The board held that it did not, thereby overruling a contrary holding by the Primary Examiner in denying a motion to dissolve brought by Lockhart. Rajchman and Lo as applicants who copied claims from Lockhart's patent have the burden of showing that they are entitled to make the counts. *Smith v. Wehn,* 318 F.2d 325, 50 CCPA 1544.

The counts, with the critical portions italicized, read:

"1. A magnetic core logical circuit comprising a core of magnetic material capable of assuming first and second stable states of flux remanence; said core having first and second openings dividing a first portion thereof into first, second and third parallel legs and third and fourth openings dividing a second portion thereof into fourth, fifth, and sixth parallel legs; *first and second input winding means for said circuit each linking at least one of said six legs not linked by the other of said input winding means, and output winding means linking at least one of said six legs.*

"2. The invention as claimed in claim 7 [count 1] wherein said first input winding means *links a greater number* of said legs than said second input winding means."

The invention is better understood from consideration of Lockhart's Figure 1:

FIG. 1

PA 7252

That device comprises an elongated core 10 of magnetic material commonly known as "square hysteresis loop material." [1] The core is provided with five rectangular apertures 12, 14, 16, 18 and 19, leaving longitudinally extending upper and lower portions 32 and 34 joined together by six vertical legs 20, 22, 24, 26, 28 and 30. The cross-sectional area of each of the legs is equal to one third

---

[1] It is pointed out in the Rajchman and Lo brief that a core of such material has two stable states of magnetic remanence of opposite sense and requires the application of a fixed amount of magneto-motive force acting in the opposite sense to the existing state of remanence before an appreciable flux change can be produced.

of the cross-sectional area of each of the upper and lower portions. A reset winding 31 is provided on the central portion of the lower leg for energization to reset the core to a condition of flux remanence in three paths of unequal length. One path passes through outer legs 20 and 30, another through intermediate legs 22 and 28, and a third through innermost legs 24 and 26, while all three pass through the upper and lower portions 32 and 34.

Input windings designated x, y and z are wound about legs 20, 22 and 24, respectively, of the core while output windings, not shown in Fig. 1, may be wound on the other vertical legs. Energization of each input winding switches the magnetization of its leg from reset condi-

tion to the opposite direction. Due to the relationship of the cross-sectional area of the upper and lower portions of the core with that of the legs, energization of any one of the input windings switches the direction of magnetization of the output leg 26; energization of any two of the input windings switches the legs 26 and 28; and energization of all three input windings switches legs 26, 28 and 30. The output windings provide signals dependent on the number of input windings that are energized.

The Rajchman and Lo application discloses various forms of magnetic devices designated "transfluxors" the form relied on to support the counts being exemplified in Figure 8a, reproduced below:

In the above arrangement, the transfluxor 80 comprises an elongated rectangular magnetic member provided with five aligned apertures 81, 82, 83, 84 and 85 to form six legs having approximately equal amounts of magnetic material between the apertures. The application describes the arrangement of windings as follows:

"An input winding 86 links the magnetic material limiting the apertures 82 and 84 by threading the winding 86 down through the aperture 82, then from behind the transfluxor plate up around an edge thereof, over the top surface, as shown, and then down through the

aperture 84, and returned to an a.c. power source 87 to which it is connected. The apertures 82 and 84 are termed 'the reading apertures.' Aperture 83 is termed 'writing' aperture. A write winding 88, which is connected to a signal source 89, links the magnetic material limiting the writing aperture 83. Apertures 81 and 85 are termed dummy apertures. A dummy winding 90, which is connected to a d.c. source 91, links the magnetic material limiting the dummy apertures 81 and 85 by passing down through the aperture 81, then behind the transfluxor plate to the aperture 85, then up through

the aperture 85 and back to the d.c. source 91. A switch 118 is interposed in the dummy winding 90. An output winding 92 links a portion of the magnetic material individual to the reading aperture 84. A different output winding 93 links a portion of the magnetic material individual to the reading aperture 82."

In operation, the winding 90 is used to magnetize material around the outermost apertures 81 and 85 to saturation in opposite directions as represented by the solid arrows. A positive pulse in the write winding 88 magnetizes the material around the central aperture 83 to saturation in one direction while a negative pulse magnetizes in the opposite direction as represented by the solid and broken line arrows, respectively. When the magnetization in the two legs about a reading aperture is in the same sense, as shown in a clockwise sense by the solid arrows at aperture 82, application of a cycle of alternating current to winding 86 results in a flux flow changing the direction of magnetization about the aperture and causes a signal in the corresponding output winding, 93 in the case of aperture 82. When the magnetization in the two legs about a reading aperture is in opposite senses, one being shown clockwise and the other counterclockwise in the solid lines about aperture 84, neither the positive nor negative cycle of a pulse in winding 86 is able to cause reversal of the saturation about the aperture and no signal is produced in the corresponding signal winding, in this case 92. When a pulse of opposite polarity has been applied to the write winding 88 providing saturation in the legs about aperture 83 in the direction shown by the broken line arrows, application of a cycle of alternating current to winding 86 results in the opposite effect with a signal being produced in signal winding 93 and none in 92.

It will be apparent that the windings of the Lockhart structure are wound about the parallel legs referred to in the counts while the windings which Rajchman and Lo rely on to meet the portions of the counts in controversy are wound about a portion of the core structure between the legs. The issue thus narrows to the applicability of the terms "linked" and "linking" to the latter construction.

Rajchman and Lo discuss magnetic principles and terminology very generally in their brief, making reference to the terms "linked" and "coupled." However, we find nothing in that discussion to convince us that a winding surrounding one portion of a magnetic core would necessarily be regarded as "linking" a different portion of the core, particularly where the winding is disposed around a connecting core portion with a plurality of legs on at least one side of it.

■■ Noting that Liebscher v. Boothroyd, 258 F.2d 948, 46 CCPA 701, suggests that the correct conclusion as to the meaning intended for a word used in a claim can more often than not be reached by consideration of the subject matter and the *context* in which it is used, the board properly considered those factors here. Although Rajchman and Lo argue the terms are not ambiguous, it seems apparent that the very basis of their contention that they can make the claims is that the terms "linked" and "linking" are susceptible of more than one meaning. It is well established that, in such a case, the patent in which the counts originated is properly resorted to in interpreting them. Smith v. Wehn, supra.

Both parties discussed the meanings of "link" and "embrace" which are used at different places in the Lockhart specification and claims. The board noted that Lockhart urged that the words were used interchangeably with the result that "link" means to physically embrace, and that Rajchman and Lo contended that "link" does not necessarily have that meaning. It considered the argument of Rajchman and Lo that use of the term "embracing" in other claims of the Lockhart patent indicates that term was intended to be more specific than "linking." On that point, the board stated:

" * * * We note that several of the claims such as claims 1, 2 and 3 of the patent defined the core as having certain flux paths. The input windings are defined functionally by their effect on particular flux paths and the output windings are defined in part as 'linking said second flux path' (claim 1), 'embracing at least a portion of said second flux path' (claim 2), and 'threaded through at least one of said openings to embrace at least a portion of said second flux path' (claim 3). Claim 4 which is dependent from claim [3] defines said first input winding as 'embracing said first flux path only'. Claim 21 defines the core as having specified flux paths and the input means as 'effective when actuated to produce in said portion of said core including said paths a corresponding predetermined amount of flux reversal'. The output means are defined as 'linking' certain paths. Claim 23 which is dependent through claim 22 adds the limitation that the core includes a portion divided into three legs and that the input means comprises windings 'each embracing one of said legs'. Claims 5, 6, 7, 8 [2] and 9 * * * all define the input and output windings as linking certain of the legs which are recited as being portions of the core.

"From the above review it appears to us that when it was desired to define merely a magnetic linkage between either an input or output winding and a certain portion of the core the winding is defined as linking or embracing a particular flux path or as having a particular effect on a particular flux path. *It is therefore our opinion that when the windings, either input or output, are defined as linking or embracing certain legs as in the counts here in issue it was intended to define a structural relation between the winding and the leg rather than merely a magnetic one. We find no basis for distinguishing between the meaning of 'linking' and 'embracing' as urged by Rajchman and Lo*. So far as the context of the various Lockhart claims is concerned the two terms seem to have been used substantially interchangeably. It is obvious from figure 8a of Rajchman and Lo that windings 90 and 88 which are relied on as the input windings required by the senior party do not structurally link or embrace the vertical legs in the core 80. * * *" (Emphasis supplied.)

The board, noting that the devices of the parties differ in the form of input and output signals involved and in the specific mode of operation, stated that its interpretation of the counts is consistent with the operation of the Lockhart device, while the interpretation of Rajchman and Lo is not. It further commented that *its interpretation of "linking" is* consistent with the language used in the Rajchman and Lo application [3] in stating that the input winding 86 "links the magnetic material limiting the apertures 82 and 84" and that the write winding 88 "links the magnetic material limiting the writing aperture 83." More specifically, the board regarded the reference in that language to "links" and "the magnetic material," limited only by the aperture it surrounds, as indicating that the windings in question structurally link the material specified.

Here, Rajchman and Lo urged that the terms "linking" and "linked" should be given a meaning broad enough to include a magnetic relationship without the windings actually embracing the legs referred to in the counts, relying on substantially the same arguments advanced before the board and considered by that body.

---

2. Claims 7 and 8, as noted previously, correspond to counts 1 and 2, respectively.

3. See quotation from Rajchman and Lo application.

For the reasons previously noted, we think the board properly, and correctly, considered the specification and claims of Lockhart in interpreting the language of the counts. The language of the Lockhart patent satisfies us that reference therein to a winding as "linking" a leg means that it at least partially surrounds the leg, and the language used in Rajchman and Lo is consistent with that meaning.

The decision is affirmed.

Affirmed.